## BOGGS v. BARDON LOAN CO. et al.

No. 18716. Opinion Filed Feb. 12, 1929.

Rehearing Denied July 2, 1929.

A: A. Hatch, for plaintiff in error.

G. Ed. Warren, S. A. Boorstin, and J. D. Johnston, for defendants in error.

HERR, C. This is an action by Bulah J. Boggs against the Bardon Loan Company, a partnership, to recover the statutory penalty on an alleged usurious loan contract, with which she joins an action for conversion of certain jewelry pledged by her as security for the loan. The defendants are pawnbrokers.

It appears that, on October 6, 1924, plaintiff borrowed from defendants for a period of 30 days the sum of $200, for which she agreed to and did pay the sum of $20 as interest. This loan was by her extended from month to month upon the payment of a like monthly interest until she had paid thereon a sum of $140 as interest. To secure this loan she pledged two diamond rings of the value of $300. On July 6, 1925, plaintiff tendered defendants the sum of $90, the balance claimed by her to be due on the loan, and demanded the return of her jewelry, which demand was refused by defendants. Plaintiff then brought this action under sections 5098 and 5099, C. O. S. 1921, to recover the sum of $280, double the amount of the interest paid, and for conversion of the jewelry. The trial court held the transaction not a loan of money, and rendered judgment in favor of defendants. Plaintiff appeals.

The loan was made under a contract similar to the contract set out in the case of Turney v. Goldberg's Loan Office, 135 Okla. 147, 274 Pac. 464. In that case, the court, speaking through Mr. Justice Lester, held:

"Where a person is engaged in the business of loaning money and takes possession of personal property as security for the payment of a loan, and enters into a conditional sales contract with the borrower, and thereafter the lender, from time to time, accepts and receipts the borrower for money paid as interest on said loan, said instrument will be construed as a loan contract."

The above case is decisive of the question here presented. The judgment must be reversed.

It is, however, contended by defendants

that plaintiff cannot recover on both causes of action set up in her petition: that they are inconsistent with each other, and that she should be required to elect which cause of action she desires to prosecute. With this contention we agree. Plaintiff cannot recover the penalty under section 5098 without discharging the lien, and at the same time, by making tender, as provided by section 5099, liquidate the debt and recover her jewelry.

As the case must be reversed, the plaintiff, at a retrial, should be required to elect under which section of the statute she desires to proceed.

Judgment should be reversed, and the cause remanded for a new trial.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

HUNT, J., dissents.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts —C. J. §114, p. 115, n. 37; §127, p. 122, n. 40. See "Actions," 1 C. J. §109, p. 993, n. 42. "Election of Remedies," 20 C. J. §6, p. 5, n. 34. "Usury," 39 Cyc. p. 927, n. 87.